IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STANFORD HILL, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 4:19-cv-03681 |
| | § | |
| | § | |
| ACORN STAIRLIFTS, INC., | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT ACORN STAIRLIFTS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS

Defendant, Acorn Stairlifts, Inc. ("Acorn"), by its undersigned counsel, submits this Reply in Support of its Memorandum of Law in support of its motion for attorneys' fees and non-taxable costs under Federal Rule of Civil Procedure 54(d).

## INTRODUCTION

In response to Acorn's Motion for Attorneys' Fees, Plaintiff has completely missed the mark. He has erroneously directed his response to focus on his limited filings pursuant to "a cursory review of the docket" in prosecuting these specious claims under the Telephone Consumer Protection Act ("TCPA"). *See* Plaintiff's Response to Acorn's Motion for Attorneys' Fees (hereinafter, "Opposition") at 2.

A plain reading of Acorn's Motion highlights that it is not the repeated filings in a single case that is deserving of sanctions by way of attorneys' fees, but the fact that "Plaintiff as a fraudster attempt[ed] [to] defraud this Honorable Court," and another Honorable Court with the same ruse. The duplicative nature of the <u>two</u> lawsuits brought by Plaintiff's counsel, in different jurisdictions, with different Plaintiffs, propounding <u>identical</u> allegations against the same

Defendant, is the antithesis of unreasonably multiplying proceedings that lack merit or factual support – that point to only one culpable party, Plaintiff's Counsel.

### Plaintiff's Counsel is the Nexus Between Two Identical Fraudulent Lawsuits Filed on the Same Day

It cannot be understated that Plaintiff Hill initiated this action by filing a Complaint in the United States District Court for the Southern District of Texas, Houston Division on September 27, 2019.  A copy of this Complaint is attached hereto as Exhibit A.  On the very same day, September 27, 2019, Plaintiff's Counsel filed a nearly identical Complaint on behalf of Steve Davis against Acorn in the United States District Court for the Northern District of Texas, Dallas Division.  A copy of this Complaint is attached hereto as Exhibit B.  *See Steve Davis v. Acorn Stairlifts, Inc.*, 3:19-cv-02300 (N.D. Tex. September 27, 2019).   Plaintiff Steve Davis, represented by Plaintiff's Counsel, similarly alleges he received "copious amounts of unwanted phone calls" from Acorn using the phone number 866-214-8430.  *Id.* at ¶ 18.  The two Complaints parrot one another.  *Compare* Exh. A *with* Exh. B.

Yet, Plaintiff's Opp. curiously claims that "without any particularity, Defendant infers that both Atlas's clients, who are unrelated and have no knowledge of each other, somehow fraudulently bypassed their phone records, in what took months for experts to investigate, and defrauded defendant…[it] was nothing more than a one in a million coincidence…". Opp. at 10. This is no mere coincidence, considering it would have to be a "two in a million coincidence," with both Plaintiffs represented by the same attorney by happenstance.  As these two clients had no relation or knowledge of each other, that means the only connection is Plaintiff's counsel, who represented these two unrelated individuals, and filed two identical complaints in two different jurisdictions on the very same day.  Surely one does not have to be an expert in *res ipsa*

*loquitur* to realize by Plaintiff counsel's own Opposition, he is the one to have perpetrated this fraud upon two Honorable Courts.

### **Plaintiff and Plaintiff's Counsel Concede the Court's Inherent Authority to Award Attorneys' Fees and its Appropriateness**

As previously noted, the Court also possesses the inherent power to award attorneys' fees for bad faith or vexatious litigation tactics. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 54 (1991) (affirming a district court's imposition of sanctions for the "fraud he perpetrated on the court and the bad faith he displayed…"). To that effect, the Supreme Court has held that, "if in the informed discretion of the court, neither the statute nor the [Federal] Rules are up to the task, the court may safely rely on its inherent power." *Id.* at 50. The Fifth Circuit has recognized that "[a] court should invoke its inherent power to award attorney's fees only when it finds that 'fraud has been practiced upon it, or that the very temple of justice has been defiled.'" *Boland Marine & Mfg. Co. v. Rihner*, 41 F.3d 997, 1005 (5th Cir. 1995) (quoting *Chambers*, 501 U.S. at 46).

Plaintiff fails to acknowledge, let alone address, this Court's inherent powers to hold a Plaintiff and Plaintiff's attorney accountable for perpetrating a fraud on the Court. This lawsuit was brought with no factual or evidentiary support which is made even more abundantly clear by Plaintiff's Opposition, in which he cites the document he relied upon in bringing this suit. See Opp., Exhibit A. At the end of the day, Plaintiff knows full well he did not receive a single call from Acorn and to claim he relied on some alleged list is nonsense. This document, seemingly a barren excel spreadsheet, lacks any indicia of authenticity or legitimacy and surely does not provide a credible basis in which to initiate a lawsuit.

Based on that "investigation," Plaintiff and his Counsel sought to take advantage of this Court, another Court, Acorn, and the statutory rights provided by the TCPA. Acorn was forced to defend against this fraud and in light of evidence refuting Plaintiff's allegation, Plaintiff's counsel still sought to solicit a settlement offer. In doing so, these Plaintiffs defiled not one, but

3

two "temples of justice." And Plaintiff's counsel's failure to address the authority vested in this Court is tantamount to an admission.

While, the TCPA, in its current form, does not permit an aggrieved and wrongfully accused company to recover its costs in defending itself, it is in the interest of justice and equity that this Honorable Court hold Plaintiff and Plaintiff's counsel accountable and compensate Acorn for falling prey to Plaintiff's scheme. For these reasons, this is a case where an award of attorneys' fees is warranted pursuant to Rule 54(d), § 1927, and the Court's inherent powers. Accordingly, Defendant Acorn Stairlifts is entitled to its reasonably incurred attorneys' fees sought herein in the amount of $86,031.00, costs and expenses in the amount of $2,235.74, and any additional fees and costs incurred in the drafting of this Reply.

## CONCLUSION

Defendant respectfully requests this Court enter an Order awarding Defendant its attorneys' fees sought herein in the amount of $86,031.00, costs and expenses in the amount of $2,235.74, and any additional fees and costs incurred in the drafting of this Reply.

Respectfully Submitted,

COZEN O'CONNOR

By: _____
Paul K. Leary, Jr., Esq. (*pro hac vice*)
Christopher J. Hanlon, Esq.
Texas Bar No. 24065367
1717 Main Street, Suite 3100
Dallas, Texas 7501
Telephone: (214) 462-3000
Facsimile: (214) 462-3299
pleary@cozen.com
chanlon@cozen.com
*Attorneys for Defendant*

Dated: November 20, 2020

**CERTIFICATE OF SERVICE**

I, Paul K. Leary, Jr., Esquire, attorney for Defendant, Acorn Stairlifts, Inc. hereby certify that a copy of the foregoing was served upon all counsel of record via the Court's ECF.

Paul K. Leary, Jr.